UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-21984-Civ-MOORE
CASE NO.: (91-00598-Cr-MOORE)
MAGISTRATE JUDGE PATRICK A. WHITE

BOBBY ALLEN BRYANT,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

REPORT OF MAGISTRATE RE: DISMISSAL OF SUCCESSIVE MOTION

    The movant, a federal prisoner, currently confined at the Federal Correctional Institution in Jesup, Georgia filed this motion to vacate, after obtaining authorization from the Eleventh Circuit to file a second or successive Section 2255 motion to vacate, pursuant to 28 U.S.C. §2255. (DE# 1)[1]. One June 6, 2016, the undersigned issued an order to show cause and appointed the Federal Public Defender to represent the movant. (DE# 4). However, on June 7, 2016, the Eleventh Circuit vacated its prior order granting leave to file an successive motion. (DE# 7-1). In the June 7 order the Eleventh Circuit denied the movant's application to file a second or successive motion.

    This Cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges, S.D. Fla. Admin. Order 2003-19; and, Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

    On April 24, 1996, the habeas corpus statutes were amended.

---

[1] The 11th Circuit's order and the movant's application were construed as a motion to vacate.

Pursuant to 28 U.S.C. §2244:

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.

* * *

(b)(3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

* * *

(Emphasis added.)

2

Furthermore, under 28 U.S.C. §2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Therefore, since the movant has been denied leave to file a second or successive motion this court lacks jurisdiction to consider the motion and it should be dismissed.

## Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004)(citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Because the undersigned finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability should be denied. See 28 U.S.C. §2253(c)(2).

## Conclusion

It is therefore recommended that movant's motion be dismissed as successive, that no certificate of appealability issue and that the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 17th day of June, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Bobby A. Bryant
Reg. No. 42879-004
Coleman Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1032
Coleman, FL 33521
PRO SE

Michael Caruso, Fed'l Public Defender
Attorney for Movant
Federal Public Defender's Office
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1556

U.S. Attorney's Office
99 N.E. 4th Street
Miami, FL 33132
Email: usafls-2255@usdoj.gov